IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

DOCKET NO.: 5:21cr31

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | CONSENT ORDER AND |
| v. ) | JUDGMENT OF FORFEITURE |
| ) | PENDING RULE 32.2(c)(2) |
| MICHAEL R. GUZMAN ) | |
| ) | |

BASED UPON the Defendant's plea of guilty and finding that there is a nexus between the property listed below and the offense(s) to which the Defendant has pled guilty and that the Defendant (or any combination of Defendants in this case) has or had a possessory interest or other legal interest in the property, IT IS HEREBY ORDERED THAT:

1. The following property is forfeited to the United States pursuant to 18 U.S.C. § 981(a)(1)(C), 18 U.S.C. § 982(a)(1), and 28 U.S.C. § 2461(c), provided, however, that forfeiture of specific assets is subject to any and all third party petitions under 21 U.S.C. § 853(n), pending final adjudication herein:

**A forfeiture money judgment in the amount of $4,044,475, such amount constituting the proceeds traceable to and property involved in the offenses to which Defendant pled guilty. Defendant stipulates that the Government may satisfy the money judgment via forfeiture of proceeds and/or property involved in crime as defined in 18 U.S.C. § 981, 18 U.S.C. § 982, and/or substitute property as defined in 21 U.S.C. § 853(p). For purposes of forfeiture under Section 853(p), Defendant stipulates that, as a result of acts or omissions of Defendant, one or more provisions of Section 853(p)(1)(A)-(E) are satisfied.**

**All funds and assets seized from and/or restrained in a PeerStreet Inc Account *4991, such account held in the name of Michael Guzman;**

**Approximately $82,981.52 in funds seized from JP Morgan Securities Account *8167, such account held in the name of Michael R. Guzman;**

**Approximately $175,132 in funds seized from E*Trade Brokerage Account *0244, such account held in the name of Jessica Guzman and Michael Guzman;**

**All funds and assets seized from and/or restrained in a Yieldstreet Account in the name of Michael Guzman;[1]**

---

[1] Defendant agrees to, as directed by law enforcement, assist the U.S. Marshals Service in liquidating the assets in the PeerStreet and Yieldstreet accounts.

1

One 2014 Sailfish 275 DC, Hull Number YSIC0021C414 and 2019 Magic Tilt TXP2886B2 Trailer;

One 2020 Heartland Bighorn Traveler RV, VIN 5SFBG4221LE431848;

One 2013 Chevrolet Silverado, VIN 1GC1KXCG0DF120626;

One 2020 Cadillac XT4, VIN 1GYFZER48LF039336;

One 2019 Chevrolet Silverado, VIN 1GC4KVCY6KF255133;

One 2020 Chevrolet Equinox, VIN 3GNAXKEV0LS634686;

The real property at 4522 North Plantation Harbour Drive, #E-4, Little River, South Carolina, more particularly described in a Deed to Michael Guzman and Jessica Guzman, recorded in the Horry County, South Carolina Register of Deeds Book 4238, Pages 212-214; and

The real property at 19558 S. Shore Road, Lyme, New York, more particularly described in a Deed to Michael Guzman and Jessica Guzman, Husband and wife, as identified in State of New York, Office of the Jefferson County Clerk, Instrument Number 2019-00016889.

2. If and to the extent required by Fed. R. Crim. P. 32.2(b)(6), 21 U.S.C. § 853(n), and/or other applicable law, the United States shall publish notice and provide direct written notice of forfeiture.

3. Pursuant to Fed. R. Crim. P. 32.2(b)(3), upon entry of this order, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of the property, including depositions, interrogatories, and requests for production of documents, and to issue subpoenas pursuant to Fed. R. Civ. P. 45.

4. A forfeiture money judgment shall be included in the defendant's sentence, and the United States may take steps to collect the judgment from any property of the defendant, provided, the value of any forfeited specific assets shall be credited toward satisfaction of this money judgment upon liquidation.

The parties stipulate and agree that the aforementioned asset(s) constitute property derived from or traceable to proceeds of defendant's crime(s) herein and are therefore subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C), 18 U.S.C. § 982(a)(1), and 28 U.S.C. § 2461(c). The defendant hereby waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment against defendant. Defendant also consents to

liquidation, as directed by the U.S. Marshals Service, of the assets in the Peerstreet Account and Yieldstreet Account. If the defendant has previously submitted a claim in response to an administrative forfeiture proceeding regarding any of this property, defendant hereby withdraws that claim. If defendant has not previously submitted such a claim, defendant hereby waives all right to do so.

WILLIAM T. STETZER
ACTING UNITED STATES ATTORNEY

_____
MARIA K. VENTO
Assistant United States Attorney

_____
MICHAEL R. GUZMAN
Defendant

_____
TERRY C. FRANK, ESQ.
Attorney for Defendant

_____
NICK OBERHEIDEN, ESQ.
Attorney for Defendant

Signed: May 21, 2021

_____
David S. Cayer
United States Magistrate Judge

3