IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CRIMINAL ACTION NO. 5:21-CR-00031-KDB-DCK

UNITED STATES OF AMERICA,

v.

MICHAEL R. GUZMAN,

Defendant.

ORDER

**THIS MATTER** is before the Court on Defendant Michael R. Guzman's *pro se* Request for a Hearing About Garnishment and Claim for Exemptions and his Request for Transfer Pursuant to 28 U.S.C. § 3004 (Doc. Nos. 57, 58). The Court has carefully considered these motions and the parties' filings. For the reasons discussed below, the Court will **DENY** the motions.

I. DISCUSSION

The Mandatory Victim Restitution Act ("MVRA") authorizes the United States to enforce a judgment imposing restitution "in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law." 18 U.S.C. § 3613(a). One method of enforcement is the Federal Debt Collection Procedures Act ("FDCPA"), which includes procedures for garnishment. 28 U.S.C. § 3205. Under these provisions, "all property or rights to property of the person fined" may be garnished unless an enumerated exception applies. § 3613(a)(1)-(3).

Thus, a "court may issue a writ of garnishment against property (including nonexempt disposable earnings) in which the debtor has a substantial nonexempt interest and which is in the possession, custody, or control of a person other than the debtor, in order to satisfy the judgment

1

against the debtor." 28 U.S.C.A. § 3205(a). A debtor subject to garnishment under the FDCPA may request a hearing within 20 days after receiving a notice of garnishment. 28 U.S.C. § 3202(d). However, the scope of the hearing is limited to issues enumerated in the statute. *Id.* These include:

> (1) to the probable validity of any claim of exemption by the judgment debtor; (2) to compliance with any statutory requirement for the issuance of the postjudgment remedy granted; and (3) if the judgment is by default and only to the extent that the Constitution or another law of the United States provides a right to a hearing on the issue, to-- (A) the probable validity of the claim for the debt which is merged in the judgment; and (B) the existence of good cause for setting aside such judgment.[1]

§ 3202(d)(1)-(3). Courts "routinely deny a request for 'hearing where the debtor did not object based on one of the issues specified in'" § 3202(d). *United States v. Greene*, 1:15-CR-133-1, 2016 WL 3526054, at *5 (M.D.N.C. June 3, 2016) (quoting *United States v. Page*, No. 1:13-CV-119, 2013 WL 2945070, at *4 (N.D.W. Va. June 14, 2013) (collecting cases)).

Here, Guzman did not claim an exception or criticize the Government's compliance with statutory requirements in seeking the writ of garnishment. *See* Doc. No. 57 at 1. Instead, he alleges only that the order would impose undue hardship on him in light of his financial circumstances. *Id.* However, general financial hardship is not grounds for a claim of exception, *see* 26 U.S.C. § 6334, and Guzman provided no evidence of his current financial obligations, *see* Doc. No. 57 at 1. Thus, Guzman has not alleged that a valid exception applies or that the Government failed to comply with statutory requirements. Accordingly, Guzman is not entitled to a hearing and the Court will deny his request.

Guzman also requests that this Court transfer his case to the District of South Carolina pursuant to 28 U.S.C. § 3004. Section 3004(b)(2) of the FDCPA states that "the action or

---

[1] Exception Three (3) only applies to default judgments and therefore is inapplicable in this case.

proceeding in which the writ, order, or judgment was issued shall be transferred to the district court for the district in which the debtor resides" if the debtor requests transfer within 20 days after receiving notice. The FDCPA also grants courts "plenary authority to 'deny, limit, condition, regulate, extend, or modify the use of any enforcement procedure.'" *United States v. Gipson*, 714 F. Supp. 2d 571, 576 (E.D. Va. 2010) (alterations adopted) (quoting 28 U.S.C. § 3013). It therefore follows that the Court can exercise its discretion in reviewing Guzman's request to transfer made pursuant to § 3004 of the FDCPA.

Here, Guzman has requested transfer to the District of South Carolina, the district in which he resides. Doc. No. 58. He has provided no other rationale for the transfer. *Id.* The Government contends that this Court is best suited to this case due to its familiarity with Guzman. It also argues that denying the request to transfer serves goals of judicial efficiency and economy and transfer would result in delays of restitution payments, negatively affecting the victims in this case. *See* Doc. No. 59 at 8. The Court, having accepted Guzman's plea, imposed his sentence, and evaluated the evidence supporting the restitution order finds that it is best situated to oversee any garnishment proceedings and will exercise its discretion to deny Guzman's motion at this time.

**SO ORDERED.**

Kenneth D. Bell
United States District Judge